**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

JOSEPH LEE JONES, JR.,

        Petitioner,

        v.

ROBERT TOOLE,[1]

        Respondent.

CIVIL ACTION NO.: 4:25-cv-136

## ORDER AND REPORT AND RECOMMENDATION

Petitioner Joseph Jones ("Jones") filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus.  Doc. 8.  Respondent filed a Motion to Dismiss.  Docs. 24, 25.  Jones filed a Response.  Doc. 27.[2]  For the following reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Jones's Petition as untimely filed, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Jones *in forma pauperis* status on appeal and a Certificate of Appealability.  I also **RECOMMEND** the Court **DENY as moot** Jones's remaining Motions.  Docs. 21, 22, 23.

### BACKGROUND

Jones was convicted, after a jury trial, on October 15, 2015, in the Chatham County Superior Court of attempted armed robbery, elder abuse, possession of a firearm by a convicted

---

[1]    The Court **GRANTS** Respondent's Motion to Substitute.  Doc. 31.  Warden Toole is the proper Respondent in this case.

[2]    Jones submitted a "Second Amended Complaint" and a "Supplement/Notice."  Docs. 29, 30. These submissions do not provide any support for Jones's habeas claims or Response to the Motion to Dismiss, as the Second Amended Complaint contains non-habeas claims and he will need to file a separate cause of action for those claims.  And Jones's supplement offers nothing to refute Respondent's timeliness arguments.

felon, and possession of a firearm during the commission of a crime. Doc. 1 at 1; Doc. 25 at 1. Jones was sentenced on January 25, 2016, to 25 years' imprisonment, to serve 15 years, on each count. Doc. 1 at 1. Jones filed a motion for new trial, which the Chatham County Superior Court denied on August 2, 2017. Id. at 17–21; Doc. 25 at 1. Jones filed a direct appeal, and the Georgia Court of Appeals affirmed Jones's convictions and sentences on December 14, 2018, and issued its remittitur. Doc. 25-1. There is nothing before the Court indicating Jones filed a state habeas corpus action, but he did file a writ of mandamus with the Chatham County Superior Court on July 17, 2024. Doc. 1 at 26.

Jones signed his original pleading on May 30, 2025, doc. 1 at 8, and it was filed with this Court on June 4, 2025. After review, it appeared Jones wishes to challenge his criminal proceedings, and I directed Jones to either submit his claims on the blank § 2254 form or on the blank 42 U.S.C. § 1983 form the Clerk of Court provided. Doc. 6. Jones submitted his Amended Petition on June 20, 2025, and this is the filing before the Court.[3] Doc. 8. Jones seeks to challenge his conviction obtained in the Chatham County Superior Court in 2015. Jones states that the trial court erred by denying him the ability to file motions as a pro se party because his attorney would not file the motions Jones wanted him to, by denying Jones a fair trial, and by taking Jones's trial off the record. Jones also states that he received ineffective assistance of counsel. Id. at 5–12.

Respondent moves to dismiss Jones's Petition as untimely filed. Docs. 24, 25. Jones has responded. Doc. 27. This matter is fully briefed and ready for review.

---

[3] To the extent Jones wishes to pursue a civil rights complaint against the originally named people, he is free to do so as a separate cause of action, though I offer no opinion about the merits of any such cause of action. I merely note that Jones is attempting to raise habeas claims and civil rights claims in the instant cause of action, which he cannot do. The Court, thus, has not considered any non-habeas claims.

**DISCUSSION**

**I.    Jones's Petition Is Not Timely Filed**

A petitioner seeking to file a federal habeas petition has one year within which to file his petition.  28 U.S.C. § 2244(d)(1).  The statute of limitations period shall run from the latest of four possible dates:

(A)    the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

(B)    the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Jones's conviction became final at the time of his completion of the direct review process or when the time for seeking such review expired.  28 U.S.C. § 2244(d)(1)(A).  Jones was sentenced in the Chatham County Superior Court on January 25, 2016, and the Chatham County Superior Court denied his motion for new trial on August 2, 2017.  Doc. 8 at 1, 17–21.  Jones had a period of 30 days to file a notice of appeal, which he did.  O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]").  The Georgia Court of Appeals affirmed Jones's conviction on December 14, 2018, and issued its remittitur on January 7, 2019.  Doc. 25-1 at 1, 2.  Jones then had 20 days to file a petition for writ of certiorari with the Georgia Supreme Court, which he did not do.

3

Doc. 25-2 (copy of Ga. Sup. Ct. R. 38).  Jones had one year from January 27, 2019, in which to file a timely federal habeas petition, or until January 27, 2020.[4]  28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008).  "[A]n application is pending as long as the ordinary state collateral review process is in continuance—i.e., until the completion of that process.  In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending."  Carey v. Saffold, 536 U.S. 214, 219–20 (2002) (internal citations omitted).

As noted above, Jones's conviction became final on January 27, 2019.  He had one year from that date, or at the latest on January 27, 2020, to file a 28 U.S.C. § 2254 petition for writ of habeas corpus or a properly filed application for state post-conviction or other collateral review.  Jones did not file a state habeas corpus petition.  He did file a writ of mandamus with the Chatham County Superior Court on July 17, 2024.  Doc. 1 at 26.  Jones also filed a petition with the Georgia Supreme Court on February 6, 2025, and that court dismissed his petition on March 18, 2025.  https://www.gasupreme.us/docket-search/, search for S25O0681 (last accessed July 7, 2026).  These filings, even while they were pending, did not toll the statute of limitations period.  Reed v. Culliver, 244 F. App'x 304, 307 (11th Cir. 2007) (quoting Artuz v. Bennett, 531 U.S. 4, 8, 9 (2000), for the proposition "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings . . . .")).

---

[4]    Respondent states that Jones had 20 days from the date of the Court of Appeals' decision to file a petition for writ of certiorari, or until January 3, 2019.  Doc. 25 at 3.  However, the Court provides as the start of the 20-day period the date of the remittutur.  Regardless of which date the Court uses, Jones did not timely file his § 2254 Petition.

Thus, the statute of limitations period began to run on January 27, 2019, which was 20 days after the Georgia Court of Appeals issued its remittitur. 28 U.S.C. § 2244(d); Ga. Sup. Ct. R. 38.

Jones did not execute his Petition until May 30, 2025. Doc. 1. By that time, the statute of limitations period applicable to § 2254 petitions had elapsed and did not toll. A petitioner should be mindful "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to § 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (A state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired.). Consequently, on its face, Jones's Petition is untimely by more than six years' time. However, it must now be determined whether the applicable statute of limitations period was equitably tolled.

A petitioner seeking equitable tolling must establish "he has been pursuing his rights diligently" and "some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), overruled on other grounds by 560 U.S. 631 (2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Jones does not present any basis for equitable tolling of the statute of limitations. Jones offers nothing to show he had been pursuing his rights *and* some extraordinary circumstance prevented him from filing a timely § 2254 petition. "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." Lugo v.

5

Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014).  In his Petition, Jones asserts the Georgia Supreme Court informed him that he did not have to file a petition for writ of certiorari in that court after the Georgia Court of Appeals issued its decision on Jones's direct appeal.  Doc. 1 at 15.  And in response to the Motion to Dismiss, Jones contends that this Court "had already granted [him] access by docketing" his claims.  Doc. 27 at 2.

Jones does not show that he was pursuing his rights diligently or that an extraordinary circumstance existed to equitably toll the applicable statute of limitations.  See Sec'y, Dep't of Corr., No. 16-14118-E, 2017 WL 6607169, at *2 (11th Cir. Oct. 18, 2017) (affirming district court decision that petitioner not entitled to equitable tolling and noting prison transfers and lack of access to law library or legal materials does not constitute extraordinary circumstances) (citing Paulcin v. McDonough, 259 F. App'x 211, 213 (11th Cir. 2007)); see also Washington v. United States, CV420-154, CR417-263, 2022 WL 2919294, at *2 (S.D. Ga. June 1, 2022) (observing "the Eleventh Circuit has routinely held that period of detention or transfers between housing facilities are not extraordinary circumstances where equitable tolling is appropriate[]" in § 2254 petitions or 28 U.S.C. § 2255 post-conviction motions), adopted, 2022 WL 2919286 (S.D. Ga. July 25, 2022).  Jones filed nothing post-appeal that serves to toll the applicable statute of limitations period.  Even if Jones had been told he need not file a petition for writ of certiorari with the Georgia Supreme Court after his appeal was denied, such a statement is immaterial. Jones still had to pursue his rights by filing a habeas remedy in state court or by filing his § 2254 petition on or before January 27, 2020.  And Jones has the burden of showing he is entitled to the equitable tolling of the statute of limitations and must show both prongs.  Jones offers no argument or facts in support of either prong.  As he has failed to meet this burden, Jones is not entitled to equitable tolling.

The Court should **GRANT** Respondent's Motion to Dismiss and **DISMISS as untimely** Jones's § 2254 Petition.

## II.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Jones leave to appeal *in forma pauperis* and a Certificate of Appealability.  Though Jones has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Based on Rule 11 of the Rules Governing Section 2254 Cases, "the district court <u>must</u> issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); <u>see also</u> Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard. <u>Busch v. County of Volusia</u>, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." <u>Moore v. Bargstedt</u>, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir. 2001)); <u>see also</u> <u>Brown v. United States</u>, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued.  A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right.  The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Id.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000).  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims."  Miller-El, 537 U.S. at 336.

Based on the above analysis of the filings in this case and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, the Court should likewise **DENY** Jones *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Jones's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Jones *in forma pauperis* status on appeal. Docs. 8, 24.  I also **RECOMMEND** the Court **DENY as moot** Jones's remaining Motions. Docs. 21, 22, 23.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by

or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 7th day of July, 2026.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA